UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LOSKOT,<br><br>               Plaintiff,<br><br>   v.<br><br>TRAN NGUYEN, d/b/a Golden Lantern Restaurant,<br><br>               Defendant.[1] | 2:08-cv-02448-GEB-KJM<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

        The Order Setting Status (Pretrial Scheduling) Conference filed October 15, 2008 (" October 15 Order"), scheduled a status conference in this case on February 2, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed.

        Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed on later than 4:00 p.m. on March 2, 2009, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff

---

[1] The caption was changed to reflect dismissal of Defendants Clifton A. Powell and Roberta G. Powell filed on November 14, 2008.)

1

or his counsel is at fault, and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on March 16, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the October 15 Order, a status report shall be filed no later than fourteen days prior to the status conference.  Further, Plaintiff shall explain in the status report, how and when he will prosecute any the default matter in this action.  If Plaintiff fails to do so, the defaulting defendant may be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:  February 2, 2009

*[signature]*
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).