IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARSHALL LOSKOT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-2448-GEB-KJM |
| | ) | |
| vs. | ) | |
| | ) | |
| TRAN NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | ORDER |
| | ) | |

    This action was referred to a United States magistrate judge under Local Rule 72-302(c)(21). On March 31, 2009, the magistrate judge filed findings and recommendations, recommending that Plaintiff's motion for entry of default judgment be granted against Defendant Tran Nguyen (the only remaining defendant) in the amount of $4,000 for damages and $6,266.75 for attorney's fees and costs. This recommendation grants what Plaintiff seeks in the proposed judgment he filed January 30, 2009 ("proposed default judgment"), except for the interest requested in that filing. It is unclear whether Plaintiff is entitled to the amount of attorney's fees he seeks; however, this issue will not be decided because this action will be dismissed for the reasons stated below.

    Federal question jurisdiction exists under the Americans with Disabilities Act

1

("ADA"). Only injunctive relief may be sought under the ADA in this action. Plaintiff abandoned his ADA claims in his proposed default judgment. Although Plaintiff's proposed default judgment does not effect dismissal of his ADA claims, those claims are dismissed since it is evident Plaintiff intends to dismiss his ADA claims. <u>see generally</u> <u>Oswalt v. Scripto, Inc.</u>, 616 F.2d 191, 194-95 (5th Cir. 1980) (indicating even when a party fails to enter a "formal dismissal . . . in the record" the court may dismiss the claim when it is evident that the party intends the claim be dismissed). Supplemental jurisdiction exists over Plaintiff's state claims under 28 U.S.C. § 1367(a).

On February 6, 2009, Plaintiff's counsel filed a declaration in support of Plaintiff's request for attorney's fees in which California state cases and a federal case in Nevada are the main support for the attorney fees Plaintiff seeks. Plaintiff's authority indicates his attorney's fee request is sought under California law, and the claim on which he seeks damages is also a claim alleged under California law.

Since Plaintiff has abandoned his ADA injunctive relief claims, the issue is reached whether supplemental jurisdiction should continue being exercised over Plaintiff's state claims. This question "is one which remains open throughout the litigation." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 727 (1966).

Once the "nature of [a plaintiff's] proofs and the relative importance of [a plaintiff's] claims" becomes apparent, the federal court need not "tolerate a litigant's effort to impose upon it what is . . . only a state law case." <u>Id.</u> "The Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997) (internal citation and quotations omitted).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the

2

Gibbs values of economy, convenience, fairness, and comity." Id.  The comity value favors dismissal since the United States Supreme Court has stated: "[n]eedless decisions of state law should be avoided as a matter of comity." Gibbs, 383 U.S. at 726.  As to economy, the Court has not invested time evaluating the attorney fees Plaintiff seeks under California law so this factor does not weigh against dismissal.  As to convenience, a state court appears more convenient to Plaintiff's counsel since his office is in Eureka, which is a considerable distance from the federal courthouse in Sacramento where this action is pending.  Finally, as to fairness, a state forum should decide whether Plaintiff is entitled to an attorney fee award under state law, and the amount of the award.

In sum, the values of judicial economy, convenience, fairness, and comity do not favor the continued exercise of supplemental jurisdiction over Plaintiff's remaining state claims.  Therefore, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3).  The Clerk of Court shall close this action.

Dated:  June 25, 2009

GARLAND E. BURRELL, JR.
United States District Judge